UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Mohsen P. Sarfarazi and            Case No. 8:08-bk-07435-MGW
Faith A. Sarfarazi                 Chapter 11

    Debtors.
_____/

## TIERRA INVESTMENTS, LLC's OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 11 PLAN

Comes now, Creditor Tierra Investments, LLC (hereinafter "Tierra") by and through its undersigned counsel and files this Objection to the Confirmation of the Debtors' Amended Chapter 11 Plan (Doc #80) and in support thereof states as follows:

1. On May 24, 2008, the Debtors filed their petition for protection from creditors pursuant to Chapter 11 of the Bankruptcy Code, thereby initiating this reorganization.

2. Tierra holds a secured claim against the Debtors in the amount of $477,069.66 (Claim #12). The claim is secured by a mortgage on approximately 21.54 acres in Marion County, Florida. Tierra's note and mortgage were reduced to a foreclosure judgment on May 6, 2008.

3. The Debtors propose to make payments on Tierra's foreclosure judgment by amortizing the claim for 20 years at 5% per annum with a balloon payment at 60 months. No explanation is given with respect to the assignment of a 5% interest rate even though Tierra's note and mortgage accrued interest at the rate of 12% per annum and 18% default interest. Tierra's claim is impaired as defined by §1124 the Bankruptcy Code.

4. As a pre-requisite to confirming a plan of reorganization, § 1129(a) of the Bankruptcy Code requires, inter alia, that the plan be proposed in good faith and that it comply

with the applicable provisions of §1125(b) of the Bankruptcy Code. The requirement of good faith must be viewed in light of the totality of circumstances surrounding the establishment of a Chapter 11 plan of reorganization. "What is necessary to meet the requirements of § 1129(a)(3) is assurance that the plan proposed is designed to achieve the legitimate goal of Chapter 11, after full and complete disclosure of the facts". *In re Mulberry Phosphates*, 149 B.R. 702, 708 (Bankr. M.D. Fla 1993).

5. The Debtors' schedules reflect that they have substantial assets including a homestead worth over $300,000, other investments in real estate in excess of $11 million, two timeshares, extensive personal property, jewelry, sports equipment and four vehicles.

6. The Debtors are also retaining substantial causes of action.

7. Also contemporaneously herewith, Tierra is filing its ballot rejecting the Debtors' Plan. Therefore, Class 11 of the Debtors' Plan is deemed to be a non-accepting class pursuant to §1129 of the Bankruptcy Code.

8. The Debtors' Plan unfairly discriminates against Tierra because:

   a. Neither the Disclosure Statement nor the Plan provides any information that would support a finding that a 5% interest rate is the "market interest rate" for this claim. Tierra's claim has not only been impaired by the Debtors' plan but it would be devalued if it were to be paid only 5% interest.

   b. The Debtors are apparently keeping all of their assets disclosed in this case including jewelry, sport equipment, investments, 2 timeshares and potential causes of action but yet find a need to reduce the value of Tierra's claim in order to make the plan work.

9. The Debtors' Plan fails to provide a fair and equitable treatment to Tierra because:

   a. Tierra will not receive on account of its claim "deferred cash payments to leave the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holders interest …" pursuant to § 1126 (b)(2)(A)(i)(II).

   b. The interest rate offered by the plan (5%) is inadequate to compensate Tierra for the time value of money and the risks associated with its loan to the Debtors.

   c. The interest rate offered by the Debtors with respect to Tierra's claim is inadequate for the following reasons:

      i. The interest rate must reflect the market rate available to the Debtors, taking into consideration all of the current factors, including, but not limited to, the Debtors' ability to make payments, whether other obligations may interfere with the Debtors' ability to make payments and the type and quality of collateral offered by the Debtors.

      ii. The Debtors have only limited ability to make payments. Debtors indicate that their Plan will be funded by "current and future income earned by the Debtor (sic) in their continued employment...". However, a review of the Schedules I and J filed by the Debtors indicate that the Debtors have monthly net disposable income of only $1948. It does not appear that the

Debtors have the capability of funding payments to the Internal Revenue Service and unsecured creditors (which payments are not accounted for within Schedule J).

iii. The Debtors represent a very poor credit risk, even after confirmation of their Plan. The Debtors owe very substantial income taxes for 2003, 2004, 2005, 2006 and 2007. Nothing in the Debtors' Disclosure Statement or Plan indicate that the Debtors will not continue to suffer an inability to pay their taxes. In fact, a review of the financial operating reports filed in this case confirms that no payments towards administrative federal income tax liabilities have been made.

iv. The Plan as a financing vehicle is very risky, leaving no margin for error whatsoever. The Plan contemplates continued ownership of real estate in a market that is deteriorating. To the extent that the Debtors require financing in the future, it is extremely uncertain that financing will be available on any terms.

v. The only appropriate interest rate is Tierra's default interest rate of 18% as it is likely that no other financing is available to the Debtors on more favorable terms.

vi. The Debtors set the value of Tierra's collateral at $8,000,000. They fail to disclose how this "value" is derived. The Marion County Property Appraiser has determined that the 2008 value is $855,872. The Debtors have overvalued their interest in this

property. Accordingly, the Debtors' proposed plan treatment of Tierra's claim carries a far greater risk.

**WHEREFORE**, Tierra respectfully requests that this Court enter an order denying confirmation of the Debtors' Plan and granting such other and further relief as is just.

Respectfully submitted this 10th day of April, 2009.

>DONICA LAW FIRM, P.A.
>106 South Tampania Avenue, #250
>Tampa, FL 33609-3248
>Telephone (813) 878-9790
>Facsimile (813) 878-9746
>e-mail: herb@donicalaw.com
>
>
>By: /s/ *Herbert R. Donica*
>    Herbert R. Donica, Esq.
>    Florida Bar No. 841870
>    Co-Counsel for Tierra Investments, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by US. Mail or the Court's CM/ECF System to: U.S. Trustee, 501 E. Polk Street, #1200, Tampa, FL 33602; Bernard J. Morse, Esq., 11268 Winthrop Main Street, Suite 102, Riverview, FL 33578, this 10th day of April, 2008.

>By: /s/ *Herbert R. Donica*
>    Herbert R. Donica, Esq.
>    Florida Bar No. 841870