UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

**Mohsen P. Sarfarazi and**
**Faith A. Sarfarazi**

Case No. 8:08-bk-07435-MGW
Chapter 11

**Debtors**
_____/

## PAUL S. ROTHSTEIN'S OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 11 PLAN

Comes now, Creditor PAUL S. ROTHSTEIN (hereinafter "Rothstein") by and through its undersigned counsel and files this Objection to the Confirmation of the Debtors' Amended Chapter 11 Plan (Doc #80) and in support thereof states as follows:

1. On May 24, 2008, the Debtors filed their petition for protection from creditors pursuant to Chapter 11 of the Bankruptcy Code, thereby initiating this reorganization.

2. Rothstein holds a Class 9 unsecured claim against the Debtors in the amount of $56,157.00.

3. The Debtors propose to make payments on Rothstein's claim by executing a promissory note in the face amount of 20% of the claim, without interest.

4. As a pre-requisite to confirming a plan of reorganization, §1129(a) of the Bankruptcy Code requires, inter alia, that the plan be proposed in good faith and that it comply with the applicable provisions of §1125(b) of the Bankruptcy Code. The requirement of good faith must be viewed in light of the totality of circumstances surrounding the establishment of a Chapter 11 plan of reorganization. "What is necessary to meet the requirement of §1129(a)(3) is assurance that the plan proposed is designed to achieve the legitimate goal of Chapter 11, after full and complete disclosure of the facts." *In re Mulberry Phosphates*, 149 B.R. 702, 708 (Bankr. M.D. Fla 1993).

5. The Debtors' schedules reflect that they have substantial assets including a homestead worth over $300,000.00, other investments in real estate in excess of $11 million, two timeshares, extensive personal property, jewelry, sports equipment, and four vehicles.

6. The Debtors are also retaining substantial causes of action.

7. Also contemporaneously herewith, Rothstein is filing his ballot rejecting the Debtors' Plan. Therefore, Class 11 of the Debtors' Plan is deemed to be a non-accepting class pursuant to §1129 of the Bankruptcy Code.

8. The Debtors' Plan unfairly discriminates against Paul S. Rothstein because:

    a. Neither the Disclosure Statement nor the Plan provides any information that would support a finding that a 20% payout rate is necessitated by the Debtors' financial situation. Rothstein's claim has not only been impaired by the Debtors' plan but it would be devalued if it were to be paid at only 20%.

    b. The Debtors are apparently keeping all of their assets disclosed in this case including jewelry, sport equipment, investments, 2 timeshares, and potential causes of action but yet find a need to reduce the value of Rothstein's claim in order to make the plan work.

9. The Debtors' Plan fails to provide a fair and equitable treatment to Rothstein because:

    a. Rothstein will not receive on account of its claim "deferred cash payments to leave the allowed amount of such claim, of a value, as of the effective date of the plan, of at least he value of such holders interest..." pursuant to §1126(b)(2)(A)(i)(II).

    b. The payout rate offered by the plan (20%) is inadequate to compensate Rothstein for the time value of money and the risks associated with his services rendered to the Debtors.

    c. The interest rate (zero interest) offered by the Debtors with respect to Rothstein's claim is inadequate for the following reasons:

        i. The interest rate must reflect the market rate available to the Debtors, taking into consideration all of the current factors, including, but not limited to, the Debtors' ability to make payments, whether other obligations may interfere with the Debtors' ability to make payments and the type and quality of collateral offered by the Debtors.

        ii. The Debtors have only limited ability to make payments. Debtors indicate that their Plan will be funded by "current and future income

earned by the Debtor (sic) in their continued employment..." However, a review of the Schedules I and J filed by the Debtors indicate that the Debtors have monthly net disposable income of only $1948. It does not appear that the Debtors have the capability of funding payments to the Internal Revenue Service and unsecured creditors (which payments are not accounted for within Schedule J).

iii. The Debtors represent a very poor credit risk, even after confirmation of their Plan. The Debtors owe very substantial income taxes for 2003, 2004, 2005, 2006, and 2007. Nothing in the Debtors' Disclosure Statement or Plan indicate that the Debtors will not continue to suffer an inability to pay their taxes. In fact, a review of the financial operating reports filed in this case confirms that no payments towards administrative federal income tax liabilities have been made.

iv. The Plan as a financing vehicle is very risky, leaving no margin for error whatsoever. The Plan contemplates continued ownership of real estate in a market that is deteriorating. To the extent that the Debtors require financing in the future, it is extremely uncertain that financing will be available on any terms.

d. Rothstein was not listed as one of the 20 largest unsecured creditors, despite the fact that the size of his claim puts him in this category. This has prejudiced Rothstein.

**WHEREFORE**, Rothstein respectfully requests that this Court enter an order denying confirmation of the Debtors' Plan and granting such other and further relief as is just.

Sincerely,

Paul S. Rothstein
626 NE 1st Street
Gainesville, FL 32601

Telephone (352) 376-7650  
Facsimile (352) 374-7133  
e-mail: psr@rothsteinforjustice.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via ( )U.S. Mail, ( )Facsimile, ( )E-mail ( )Hand delivery (X) Overnight UPS Next Day Air this 27 day of April, 2009 to :

Morse & Gomez  
11268 Winthrop Main Street, Suit 102  
Riverview, FL 33578

Clerk  
United States Bankruptcy Court  
801 North Florida Avenue, Suite 555  
Tampa, FL 33602-3899

*[signature]*

Paul S. Rothstein  
626 N.E. 1st Street  
Gainesville, Fl 32601  
Fla. Bar. No. 310123  
(352)376-7650  
(352)374-7133