# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) |
| MOHSEN P. SARFARAZI AND | ) |
| FAITH A. SARFARAZI, | ) |
| | ) Chapter 11 |
| Debtors.    ) | |
| | ) Case No. 8:08-bk-07435-MGW |
| | ) |
| | ) |
| | ) |
| | ) |

## UNITED STATES' OBJECTION TO CONFIRMATION OF DEBTORS' AMENDED CHAPTER PLAN OF REORGANIZATION

The United States of America, through its attorney, A. Lee Bentley, III, Acting United States Attorney for the Middle District of Florida, hereby objects to the confirmation of Debtors' Amended Chapter 11 Plan of Reorganization, and states as follows.

1.     On May 24, 2008, Debtors filed a Chapter 11 petition.

2.     On July 19, 2007, which is prior to the filing of the petition in the instant case, a Notice of Federal Tax Lien was recorded on behalf of the Internal Revenue Service for Debtors' unpaid Federal income tax liabilities for tax years 2003, 2004, and 2005.  On March 14, 2008, which is prior to the filing of the petition in the instant case, a Notice of Federal Tax Lien was recorded on behalf of the Internal Revenue Service for Debtors' unpaid Federal income tax liability for tax years 2006.

3.     A proof of claim dated June 12, 2008, was filed on behalf of the Internal Revenue Service asserting a secured claim of $908,635.46, relating to tax years 2003, 2004, 2005, and 2006, and a priority claim of $189,403.60 relating to tax year 2007, for a total claim amount of $1,098,039.06.  The claim amounts are based on assessments made against each taxpayer.

Because of joint and several liability, the actual amount of the claim is one-half of what is reflected in the proof of claim.

4. The amount of the priority claim was estimated due to Debtors' failure to file a return for tax year 2007. The plan should not be confirmed without the filing of the Debtors' 2007 tax return because the correct amount of the claim for tax year 2007 cannot be determined until such return is filed.

5. Additionally, Debtors' plan fails to properly provide for the secured claims or the priority tax claims of the Internal Revenue Service.

6. Pursuant to 11 U.S.C. § 1129(a)(9)(C), priority tax claims must be paid in "regular installment payments in cash."

7. Also, under 11 U.S.C. § 1129(a)(9)(D), a claim of a governmental unit that would be a priority claim but for its secured status, shall be paid as stated in 11 U.S.C. § 1129(a)(9)(C).

8. Portions of the Internal Revenue Service's secured claim relate to tax years 2005 and 2006, and thus, but for their secured status, would be priority claims under 11 U.S.C. § 507(a)(8)(A)(i) because the returns for tax years 2005 and 2006 were due after three years before the date of the filing of the petition, May 24, 2008. Debtors' tax liability for tax year 2006 also qualifies for priority status under 11 U.S.C. § 507(a)(8)(A)(ii) because the liability was assessed on November 26, 2007, which is less than 240 days prior to May 24, 2008, the date of the filing of the petition. Therefore, the secured claim as to tax years 2005 and 2006 must be paid as stated in 11 U.S.C. § 1129(a)(9)(C).

9. Instead of providing for "regular installment payments in cash," Debtors' plan

provides that the secured and priority tax claims of the Internal Revenue Service will be provided for through a promissory note in the amount of the allowed claim, plus statutory interest, to be paid over 72 months, with payments commencing 180 days after confirmation.

10. This provision does not satisfy 11 U.S.C. § 1129(a)(9)(C)(ii), which requires that priority claims be paid in regular installment payments in cash over a period ending not later than 5 years after the petition date.

11. Additionally, Debtors' plan should provide for equal monthly installments to commence thirty days, not 180 days, from the date of entry of the confirmation order, and should provide for payment of statutory interest calculated from the date of the petition.

12. Further, Debtors' plan provides that the Internal Revenue Service will retain its liens as to the real properties listed in paragraphs 2.4, 2.5, and 2.6 of the plan and have a lien in the promissory note; however, the plan should provide that the Internal Revenue Service retains its liens as to all Debtors' property and rights to property held as of the date of the filing of the Notices of Federal Tax Lien.

WHEREFORE, the United States of America prays that the Court deny confirmation of Debtors' Amended Chapter 11 Plan of Reorganization.

                  A. LEE BENTLEY, III
                  Acting United States Attorney

By:    /s/ Jennifer Waugh Corinis
        JENNIFER WAUGH CORINIS
        Assistant United States Attorney
        Florida Bar Number 0049095
        400 North Tampa Street, Suite 3200
        Tampa, Florida 33602
        Telephone:    (813) 274-6310
        Facsimile:     (813) 274-6198
        E-mail:jennifer.corinis@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that a copy of foregoing **UNITED STATES' OBJECTION TO CONFIRMATION OF DEBTORS' AMENDED CHAPTER 11 PLAN OF REORGANIZATION** was served on April 29, 2009 by either electronic transmission or by United States Mail, first class postage prepaid, to the following:

    United States Trustee    (United States Trustee)
    Timberlake Annex, Suite 1200
    501 E. Polk Street
    Tampa, FL 33602

    Bernard J. Morse    (Debtors' Attorney)
    Morse & Gomez, P.A.
    11268 Winthrop Main Street
    Suite 102
    Riverview, FL 33578

    All creditors on the mailing matrix

                                                   __/s Jennifer Waugh Corinis_____
                                                   JENNIFER WAUGH CORINIS
                                                   Assistant United States Attorney