UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

MOHSEN P. SARFARAZI
FAITH A. SARFARAZI            Case No. 8-08-bk-07435MGW
                                           Chapter 11

       Debtors.
_____/

## SECOND AMENDMENT TO AMENDED CHAPTER 11 PLAN OF REORGANIZATION

MOHSEN P. SARFARAZI and FAITH A. SARFARAZI (the "Debtors"), by and through their undersigned counsel, do hereby state that:

1.     The Debtors have earnestly tried to reach appropriate parties through creditors' counsels and otherwise, and have found that particularly in case of the following claims it has not been possible to reach individuals of authority to respond in a timely fashion, prior to November, 2009, to reach a settlement.

2.     The response obtained from the two major classes of impaired claims as described below have been reassuring that a plan of "modification" through mortgage reduction, and decrease in interest rate is very well in order either according to President Obama's recent plan; and is quite feasible through alternative plans. This plan however cannot be completed by such a short period of time due to a large number of applications that are also similarly and currently under their consideration.

3.     The Debtors have made the appropriate applications and are waiting their turn to achieve this goal.

4.     The Debtors further state that they are able and willing to cooperate with their

1

creditors to reach an amiable and feasible plan of reorganization to satisfy all parties.

5. The Debtors, therefore, file this Second Amendment to the Amended Chapter 11 Plan of Reorganization as follows:

6. Based upon the results of an extensive research conducted for the Debtors regarding today's market value of the concerned properties (Composite Exhibit A) as well as interest rates, the Debtors are able and willing to retain these properties. Paragraph 2.3 and 2.5 addressing the classification and treatment of the Class Three and Five Creditors, the secured claims of Countrywide Mortgage/Bank of America, are deleted and in its place the following is inserted:

2.3 Class 3. <u>The Secured Claim of Countrywide Mortgage/Bank of America (Homestead):</u> Class 3 consists of the secured claim of Countrywide Mortgage with a mortgage lien on the Debtors' homestead located at 3235 SW 41st Ave., Ocala, Florida 34474. Examination of the research results indicates a value of $129,000 to $220,000 with an average value of $175,000 for such a property (Exhibit AA). Accordingly, for the Class Three Creditor's claim shall be allowed as secured for a total secured claim of $175,000. The balance of the Class Three Creditor's claim shall be allowed as unsecured and treated as a Class 9 claim under the Debtors' Plan of Reorganization. The secured claim identified herein shall be paid in monthly payments together with interest at 3 1/2% per annum or market price amortized over a period of ten (10) years. The first payments shall be due on the first day of the first month after Confirmation but not sooner than 30 days after Confirmation. The liens of the Class Three creditor will be preserved and will not be affected by Confirmation.

2.5 Class Five. <u>The Secured Claim of Countrywide Mortgage/Bank of America:</u> The Class Five creditor has a mortgage lien on real properties located at 4145 SW

33rd Street, Ocala, Florida 34474. This property is identical to the Class Three claim described above. Thus the Class Five Creditor's claim shall be allowed as secured for a total secured claim of $175,000. The balance of the Class Five Creditor's claim shall be allowed as unsecured and treated as a Class 9 claim under the Debtors' Plan of Reorganization. The secured claim identified herein shall be paid in monthly payments together with interest at 3 1/2% per annum or market price amortized over a period of ten (10) years. The first payments shall be due on the first day of the first month after Confirmation but not sooner than 30 days after Confirmation. The liens of the Class Five creditor will be preserved and will not be affected by Confirmation.

7. Paragraph 2.6 addressing the classification and treatment of the Class Six Creditor, the secured claim of GMAC Mortgage, LLC, is deleted and in its place the following is inserted:

2.6 Class Six. <u>The Secured Claims of GMAC Mortgage, LLC:</u> Class 6 consists of the secured claims of GMAC Mortgage, LLC with mortgage liens on three separate parcels of real property all located in Ocala, Florida. The parcels of real property are more fully described as lots 45, 46, and 65 Via Paradisus. These constitute residential lots on which the Debtors planned to build their home (lots 45-46). According to the market research (Composite Exhibit B) presently such a comparable lot is available for sale and may be purchased at $16,000 per acre or less. Accordingly, the present values of these lots are as follows:

  a. Lot 45 – 10.31 acres - valued at $164,960.00;
  b. Lot 46 – 10.23 acre - valued at $163,680.00;
  c. Lot 65 – 11.73 acre - valued at $187,680.00.

The Class Six creditor's claim shall be allowed as secured in the amounts set forth

hereinabove as to each separate item of collateral for a total secured claim of $516,320.00. Reduction of the principal mortgage amounts to such a value together with loans at today's market price will enable the Debtors to retain these properties. The balance of the Class Six Creditor's claim shall be allowed as unsecured and treated as a Class 9 claim under the Debtors' Plan of Reorganization. The secured claim identified herein shall be paid in monthly payments together with interest at 3 1/2% per annum amortized over a period of ten (10) years. The first payments shall be due on the first day of the first month after Confirmation but not sooner than 30 days after Confirmation. The liens of the Class Six creditor will be preserved and will not be affected by Confirmation.

8. Paragraph 2.7 addressing the classification and treatment of the Class Seven Creditor, the secured claim of Tierra Investments, LLC, is deleted and in its place the following is inserted:

2.7 Class Seven. <u>The Secured Claim of Tierra Investments, LLC</u>: Class 7 consists of the secured claim of Tierra Investments, LLC ("Tierra") with a mortgage lien on real property located at 211 S.W. 29th Place, Ocala, Florida. This constitutes a fully permitted commercial land, completely shovel-ready, for constructional development of a much needed medical park. The Debtors have spent several years to obtain all the essential permits for developing this project in the vicinity of downtown Ocala, Florida. The land was appraised for $8,000,000 without any built infrastructure (utilities, rods, landscape, etc) in 2008. The land project is valued at a minimum of $16,800,000 (168,000 SQFT at $100 a SQFT of fully buildable sites). The Debtors have invested all their hard-earned savings in this project. The project has been postponed due to the lack of available development money in today's catastrophic market. The Debtors dispute the claim of the Class 7 creditor. The creditor obtained

4

final summary judgment <u>with prejudice</u>. The Debtors were informed of two separate hearing dates, the first hearing was to be conducted to discuss and settle the matter of IRS involvement regarding the priority of each lien put on the property by the creditor and IRS separately. The latter hearing was to decide the matter of summary judgment or its denial. The Debtors were informed of the cancellation of the former hearing regarding the IRS issue. Accordingly, the Debtors did not attend this hearing. Later the Debtors were informed of a summary judgment granted at the former hearing via a written order and communicated to the Debtors by the creditor's attorney. The Debtors sought the counsel of an attorney who encouraged the Debtors to declare a Chapter 11 bankruptcy, also indicating that this would resolve the problem. Accordingly, <u>the Debtors filed a Chapter 11 bankruptcy to preserve this property</u>. The Debtors have strived to resolve the problem with the creditor who remains non-responsive and uncooperative. This Plan deals only with the claim if allowed. The Class 7 creditor shall retain the liens securing its allowed claim and shall receive a promissory note with the following terms:

| | |
|---|---|
| **Principal Amount**: | $432,000 |
| **Interest Rate:** | Statutory rate of 8% interest per annum from the balloon date. Adequate protection payments in the bankruptcy case shall be applied to principal and interest in reduction of the Allowed Amount. |
| **Monthly Payment Terms:** | Monthly payments of $4,000 which payments are due and payable on the first business day of each calendar month and continue until such time as the Allowed Claim is paid in full. |
| **Collateral:** | The Class 7 creditor shall retain its lien against the collateral securing its claim to the same extent, validity and priority that such claim had prior to the Petition Date. |

Additionally, the creditor has not paid last year's property taxes for the property for which they have been receiving $966.15 per month since the petition date to put in an escrow. Evidence of the escrow account is requested by the Debtors as well as the return of the money reserved for the property taxes.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Second Amendment to Amended Chapter 11 Plan was furnished this 29th day of October, 2009 by regular U.S. Mail and/or electronic mail to: Office of the United States Trustee, 501 East Polk Street, Suite 1200, Tampa, Florida 33602; GMAC Mortgage, LLC, c/o Peggy McNew Ballweg, Esq., Florida Default Law Group PL, P.O. Box 25018, Tampa, FL 33622-5018; GMAC Mortgage, LLC, c/o Frederic J. Dispigna, Esq., 900 S. Pine Island Rd., Suite 400, Plantation, FL 33324; Tierra Investments, LLC, c/o Herbert R. Donica, Esq., 106 S. Tampania Ave., Suite 250, Tampa, FL 33609; and Country Home Loans, Inc., c/o Gregg S. Ahrens, Esq., 2525 Ponce de Leon blvd., Ste. 400, Miami, FL 33134-6044.

MORSE & GOMEZ, P.A.

　/s/Bernard Morse, Esq.　
BERNARD J. MORSE, ESQUIRE
11268 Winthrop Main Street
Suite 102
Riverview, Florida 33578
Telephone: (813) 341.8400
Facsimile: (813) 463.1807
Florida Bar No. 462251
chipmorse@morsegomez.com

F:\Shared Office Files\Sarafrazi, Paul\Pleadings\Second amendment to Plan.doc